David W. Tufts (#8736)
Sarah W. Matthews (#13295)
DURHAM JONES & PINEGAR PC
111 South Main Street, Suite 2400
Salt Lake City, Utah  84111
(801) 415-3000
dtufts@djplaw.com
smatthews@djplaw.com

*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

### CENTRAL DIVISION

| | |
|---|---|
| TRAILS WEST MANUFACTURING OF IDAHO, INC., an Idaho corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SIERRA MOTOR CORP. d/b/a SIERRA INTERIORS d/b/a SIERRA TRAILERS, an Indiana corporation,<br><br>Defendant. | **COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Case No. 2:18-cv-00024<br>Judge Brooke C. Wells |

Plaintiff Trails West Manufacturing of Idaho, Inc. ("Trails West"), through its attorneys, complains of Defendant Sierra Motor Corp, doing business as Sierra Interiors and Sierra Trailers ("Sierra Interiors"), and alleges as follows:

### PARTIES

1. Plaintiff Trails West Manufacturing of Idaho, Inc. ("Trails West") is an Idaho corporation with its principal place of business at 65 North 800 West, Preston, Idaho 83263. Plaintiff does business in this judicial district.

2. Upon information and belief, Defendant Sierra Interiors is an Indiana corporation with its principal place of business at 19224 CR 8, Bristol, Indiana 46507. Defendant has offered and offers its product for sale in Utah.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter because this action arises under Lanham Act, jurisdiction being conferred in by 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

4. Pursuant to 28 U.S.C. §§ 1338(b) and 1367, this Court has supplemental jurisdiction over the Utah State law claims asserted because the Utah state law claims are so related to claims in this action within the Court's original jurisdiction that they form part of the same case or controversy.

5. Sierra Interiors is subject to personal jurisdiction in this Court because they have engaged in business activity here directly related to the allegations in this Complaint.

6. The injuries complained of occurred in this district forming another basis for jurisdiction.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because Sierra Interiors transacts business within this judicial district and has committed acts complained of herein in this judicial district (or those acts have been aimed at and felt within this judicial district).

## THE SIERRA REGISTERED MARK

8. Trails West is in the business of selling trailers for horses, stock, horse trailers with living quarters, and snow mobile trailers.

9.     Trails West has been selling horse trailers for over thirty (30) years under the mark SIERRA.

10.    Trails West has acquired and developed goodwill in association with its SIERRA mark through its continuous, exclusive use of the mark.

11.    Trails West owns a federal trademark registration for its SIERRA mark for horse trailers, U.S. Reg. No. 5,311,470.

12.    Trails West has not authorized Sierra Interiors to use Trails West's trademarks.

## SIERRA INTERIOR'S DECEPTIVE USE

13.    Until recently, Defendant Sierra Interiors specialized in making custom interiors for trailers manufactured by others, and did not sell its own trailers (whether horse trailers or otherwise) under the SIERRA mark.

14.    Sierra Interiors lists on its website several trailer manufacturers it cooperates with in customizing interiors.  As recently as November 17, 2016, the list did not include "Sierra" branded trailers.  (Exhibit A, Internet Archive screen capture of http://sierrainteriors.com/trailer-manufacturers.php captured November 17, 2016).

15.    Until recently, Defendant Sierra Interiors did not use the word "Sierra" alone to indicate the source of its customized trailer interior design services, but rather consistently used the mark SIERRA INTERIORS and SIERRA CUSTOM INTERIORS.

16.    Upon information and belief, Defendant Sierra Interiors has used the marks SIERRA INTERIORS and SIERRA CUSTOM INTERIORS for its trailer interior customization services from sometime in 1987 to the present.

17. During that time period, it is believed Plaintiff and Defendant were able to coexist with their respective marks, SIERRA for horse trailers, and SIERRA INTERIORS or SIERRA CUSTOM INTERIORS for trailer interior customization services.

18. But in approximately 2017, Defendant began selling its own trailers under the SIERRA mark, including offering for sale horse trailers under the SIERRA mark at the website https://sierratrailercorp.com/.

19. Defendant's entering into the market to directly sell trailers, as well as Defendant's change in their mark to simply SIERRA, usurps rights in Plaintiff's SIERRA mark and confuses consumers into mistakenly believing Defendant and Plaintiff are associated, or one is infringing the other.

20. Upon information and belief, Defendant Sierra Interiors was aware of Plaintiff's use of the SIERRA mark to sell horse trailers.

21. Sierra Interiors' use of the SIERRA mark to sell their own horse trailers confuses consumers into mistakenly believing Defendant and Plaintiff are associated.

22. Sierra Interior's use of the SIERRA mark alone, without the words "Interiors" or "Custom Interiors" to refer to their customized trailer interior design services, confuses customers into mistakenly believing Defendant and Plaintiff are associated.

23. Defendant's actions are knowing, willful, and without Plaintiff's authorization. Defendant is liable for the resulting acts of unfair competition, and trademark infringement.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
(15 U.S.C. §1114(1)(a))

24. Trails West alleges and incorporates by reference the preceding paragraphs.

25. Trails West has used its federally registered SIERRA mark in commerce in connection with the sales and offers for sale of horse trailers, including through its individual dealers and its website at http://trailswesttrailers.com/trailers/horse/.

26. Without the consent of Trails West, Sierra Interiors has used in commerce Trails West's SIERRA mark in connection with the sale, offering for sale, distribution, or advertising of horse trailers which is likely to cause confusion, mistake, or to deceive.

27. Defendant adopted and continues to use in commerce Trails West's federally registered SIERRA mark, with full knowledge of Trails West's superior rights, and with full knowledge their infringing use of Trails West's marks was intended to cause confusion, mistake and/or deception.

28. As a result of Defendant's infringement, Trails West has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Trails West in its federal registered SIERRA mark.  This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Trails West has no adequate remedy at law.  Trails West will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

## COUNT II
## FEDERAL UNFAIR COMPETITION
(15 U.S.C. § 1125(a))

29. Trails West incorporates by reference the preceding paragraphs.

30. The acts of Defendant constitute unfair competition under Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125 (a)(1).

31. Defendant's use of the SIERRA mark in commerce for livestock trailers as alleged above is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff or as to the origin, sponsorship, or approval of the goods of Defendant and those of Plaintiff, and misrepresents the nature, characteristics, and qualities of those goods.

32. Defendant has deliberately attempted to trade on Trails West's longstanding and hard-earned goodwill in its name and marks and the reputation established by Trails West in connection with its products, as well as in order to confuse consumers as to the origin and sponsorship of Defendant's goods.

33. Defendant had direct and full knowledge of Trails West's prior use of and rights in its SIERRA mark before the acts complained of herein.

34. The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

35. As a result of Defendant Sierra Interiors' conduct, Trails West has suffered the continuing loss of the goodwill and reputation established by Trails West in its longstanding SIERRA mark. Plaintiff is without an adequate remedy at law because Defendant's unfair competition is causing irreparable injury to Plaintiff; and unless said acts are enjoined by this Court, they will continue and Plaintiff will continue to suffer irreparable injury.

36. Defendant's acts of unfair competition, if not enjoined, will cause Plaintiff to sustain monetary damages, loss, and injury.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT
(Utah common law)

37. Trails West incorporates by reference the preceding paragraphs.

38. The acts of Defendant constitute trademark infringement in violation of Utah common law.

39. Without the consent of Trails West, Sierra Interiors has used in commerce Trails West's SIERRA mark in connection with the sale, offering for sale, distribution, or advertising of horse trailers which is likely to cause confusion, mistake, or to deceive.

40. Defendant's use of the SIERRA mark was made with actual or constructive knowledge of Plaintiff's SIERRA mark.

41. Defendant's use of the SIERRA mark is without Plaintiff's consent or permission.

42. Defendant's acts of trademark infringement, if not enjoined, will cause Plaintiff to sustain monetary damages, loss, and injury.

## COUNT IV
## UTAH UNFAIR COMPETITION
(Utah Code Ann. §§ 13-5a-102 (4)(a) *et seq.*)

43. Trails West incorporates by reference the preceding paragraphs.

44. The acts of Defendant constitute unfair competition in violation of Utah Code Ann. §§ 13-5a-102 (4)(a) *et seq*.

45. Defendant's use of the SIERRA mark in commerce for horse trailers as alleged above is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff or as to the origin, sponsorship, or approval of the goods

7

of Defendant and those of Plaintiff, and misrepresents the nature, characteristics, and qualities of those goods.

46. Defendant's unlawful use of the SIERRA mark leads to a material diminution of value in Plaintiff's intellectual property.

47. Defendant's acts of trademark infringement and unfair competition, if not enjoined, will cause Plaintiff to sustain monetary damages, loss, and injury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Trails West prays for relief as follows:

A. Defendant be held liable under each claim for relief set forth in this Complaint.

B. The Court grant an injunction that Defendant, their affiliated companies, and their agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, be enjoined from using SIERRA (whether alone or in combination with any word(s), punctuation or symbol(s), and whether used in caption, text, orally or otherwise), or any other reproduction, copy, colorable imitation or confusingly similar variation of SIERRA, as a trademark or service mark, trade name or domain name, or in advertising, distribution, sale, or offering for sale of horse trailers.

C. The Court grant an injunction that Defendant, their affiliated companies, and their agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, be enjoined from using SIERRA alone (whether used in caption, text, orally or otherwise), or any other reproduction, copy, colorable imitation or confusingly similar variation of SIERRA, as a trademark or service mark, trade name or domain name, or in

advertising, distribution, sale, or offering for sale of services for the interior customization of trailers.

D. The Court order as part of the injunction and pursuant to 15 U.S.C. § 1116(a) that Defendant file with the Court and serve on Plaintiff within thirty (30) days after the service on the Defendant of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

E. Defendant be required to pay to Plaintiff profits made in connection with their use of SIERRA for horse trailers, pursuant to 15 U.S.C. § 1117 and the equity powers of this Court.

F. Defendant be required to pay to Plaintiff its reasonable attorneys' fees and disbursements incurred herein, pursuant to 15 U.S.C. § 1117 and the equity powers of this Court.

G. Defendant be required to pay Plaintiff the costs of this action.

H. For any other relief which the Court deems just and proper.

## JURY DEMAND

Trails West demands a trial by jury.

Dated: January 9, 2018            **DURHAM JONES & PINEGAR, P.C.**

/s/ David W. Tufts
David W. Tufts
Sarah W. Matthews
*Attorneys for Plaintiff Trails West*